UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROXANNE JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF CORRECTIONS,<br><br>        Defendant. | CASE NO. C11-5661BHS<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION |

This matter comes before the Court on Plaintiff Roxanne Jones's ("Jones") Application to Proceed In Forma Pauperis (Dkt. 1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion and dismisses this action for the reasons stated herein.

Jones asserts that Defendants Mary Selecky and the State of Washington Department of Health Medical Disciplinary Board ("Board") have violated her rights under the Fourteenth Amendment of the United States Constitution. Dkt. 1-1 at 3. Jones claims that she suffered injuries from a "fraud surgery" and that she reported the doctors to the Board. *Id.* at 2. She alleges that the Board failed to properly investigate the matter and failed to properly discipline the doctors. *Id.* Jones seeks one million dollars in damages for each year that she has suffered from her injuries. *Id.* at 4.

ORDER - 1

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

In this case, Jones has failed to show that she should be entitled to proceed in forma pauperis. While she seeks both damages and what appears to be injunctive relief, she has failed to articulate any claim that may be reviewed by this Court. Jones is attempting to sue an agency of the State of Washington for violations of the Fourteenth Amendment to the United States Constitution. A claim asserting violations of the Fourteenth Amendment may be brought under 42 U.S.C. § 1983. However, the Eleventh Amendment to the United States Constitution bars citizens from bringing suit against a state, or its agencies, in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). There are two exceptions to a state's Eleventh Amendment immunity: (1) a state may consent to suit against it in federal court (*see Hans v. Louisiana*, 134 U.S. 1 (1890)); or (2) Congress, in certain situations, may abrogate a state's Eleventh Amendment immunity (*see Pennhurst*, 465 U.S. at 99). The State of Washington has not waived its Eleventh Amendment immunity. *Skokomish Indian Tribe v. France*, 269 F.2d 555, 560-61 (9th Cir. 1959). In addition, the United States Supreme Court has specifically held that Congress did not abrogate states' Eleventh Amendment immunity from suit in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Therefore, the Court concludes that, at this time, Jones has failed to show that she should be entitled to proceed in forma pauperis based on the proposed complaint. In addition, because Jones's claims are barred by the Eleventh Amendment, the Court concludes that this action should be dismissed for failure to state a claim upon which

relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

Therefore, it is hereby **ORDERED** that Jones's Application to Proceed In Forma Pauperis (Dkt. 1) is **DENIED** and this action is **DISMISSED**.

DATED this 25th day of August, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge